UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MARTIN A. MANSON | : | CIVIL ACTION NO. 2:10-cv-1637 |
|---|---|---|
| | : | SECTION P |
| VS. | | |
| | : | JUDGE MINALDI |
| J.P. YOUNG, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Martin A. Manson (BOP # 1404906) on October 15, 2010.  The plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Pitchess Detention Center in Los Angeles, California.  At the time of filing, he was incarcerated at the Federal Correctional Institute (FCIO), Oakdale, Louisiana, and complains of incidents which occurred at that facility.  He sues twenty-one defendants, all are FCIO wardens, supervisors, officers, physicians, and nurses**.**

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

In his original complaint, the plaintiff states that upon his June 21, 2009, arrival at FCIO, he informed the defendants that he had been diagnosed with a severe mental illness.  He also informed them that the thought of being in a cell for twenty three hours a day with an unknown

-1-

inmate that could be a potential enemy caused him to feel claustrophobic and fearful.  Despite this knowledge, the plaintiff claims that on July 10, 2009, several of the defendants attempted to force him to accept a cell mate.  Doc. 4, p. 8.  Plaintiff states that when he refused he was shot with a baton round, gassed, accosted, placed in full metal body restraints, and put in an isolated strip cell for ten days.  Due to the manner in which the restraints were applied, they allegedly caused pain and torture.  While in confinement, plaintiff claims the defendants told the plaintiff that he would be released if he accepted a cell mate and did physical battle with that person.  He further claims that during the ten days, he sustained a mild concussion, a hairline fracture, multiple cuts, and mental/emotional stress and trauma.  *Id.* at 9.

The plaintiff states that he gave in to the defendants' pressure and agreed to live with a cell mate.  However, he states that on August 12, 2009, following a self-imposed hunger strike, many of the defendants attacked the plaintiff by twisting his arm, rushing into his cell, striking him several times, tackling him to the floor, dragging him from the cell, and again placing him in hard metal restraints for forty-five (45) days.  During this time, the manner in which the restraints were applied, again, allegedly caused pain and torture to the plaintiff.  Furthermore, many of the defendants interrogated him and attempted to entice him to enter a cell with a potential enemy.  The plaintiff claims that during the forty-five (45) days, he sustained a sprained wrist, swollen hands and ankles, multiple cuts, dehydration, and mental/emotional distress.  *Id.* at 10.

In addition, the plaintiff alleges that during the times he was confined as described above, he was denied medical treatment for the injuries he sustained.  He claims that he told the defendants about his injuries and continually asked for but was denied medical treatment.  As a

result of the denial of medical care, the plaintiff claims that he suffered prolonged pain and suffering as well as a permanent loss of range of motion. *Id.* at 11-12.

On July 18, 2011, this court issued a memorandum order [Doc. 9] instructing the plaintiff to amend his initial complaint because it was found insufficient in several respects.[1] Plaintiff was further advised that since he had been transferred from FCIO, his request for injunctive relief (specifically to enjoin the defendants from future acts of harm) was moot.

### *Law and Analysis*

### I.     Injunctive Relief

It is clearly established that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). In order for the plaintiff's claims to remain viable, he would have to establish that the possibility of returning to FCIO would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Thus he must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCIO. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

At its most lenient, the aforementioned standard is not "mathematically precise" and requires that the plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S.

---

[1] Plaintiff filed an amended complaint on December 28, 2011 [Doc. 16].

305, 318-19 (1988). Even under the most permissive interpretation, the plaintiff's complaints, here, do not, and cannot, meet that standard. Plaintiff has been transferred from the custody of FCIO and his request for injunctive relief is moot. See, *Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot) (citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

## II.     Frivolity Review

The plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996); *Bradley, supra* at 1025.

As previously discussed, the plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state viable claims. His amended complaint, however, has not cured many of the noted deficiencies. Thus, accepting all of the

plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

### III.     Use of Force

The claims which form the basis of this suit center around the plaintiff's allegation of excessive force by many of the defendants. It appears, however, that the use of force was justified as a means of maintaining and/or restoring prison order and security.

By the plaintiff's own admission, he repeatedly refused to accept cell mates (doc. 4, p. 9); refused to submit to hand restraints (doc. 16, p. 2); went on a hunger strike (doc. 4, p. 10); refused to give up his food tray to the guards; and blocked the locking of the food slot by sticking his arm out of the slot (doc. 16, p. 3). He has thus failed to establish that defendants maliciously and sadistically applied excessive force in violation of the Eighth Amendment. As such, the actions do not constitute cruel and unusual punishment.

This claim should be dismissed as frivolous.

### IV.     Denial of Medical Care

Inadequate medical care may constitute a violation of a prisoner's Eighth Amendment rights, but constitutional concerns are implicated only when the claimant alleges acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner who brings such a claim carries a substantial burden of showing that the actions he complains of constitute cruel and unusual punishment; "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be

characterized as "repugnant to the conscience of mankind." *Estelle*, *supra* at 105-06 (citations omitted). The plaintiff must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, *supra* at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test for determining deliberate indifference requires a court to weigh the needs of the prisoner against the needs of the penal institution Accordingly, the test is one of medical necessity, not of medical desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*[2]

Despite the amendment to his initial complaint, the plaintiff has failed to allege facts sufficient to establish deliberate indifference. In fact, in his amended complaint, the plaintiff states that following several of the alleged incidents, he was "checked by medical staff for circulation" (doc. 16, p. 2), screened "by medical staff after [said] incident" (doc. 16, p. 3), and "escorted to the dental dept. [where] the teeth were extracted by the dentist." (Doc. 16, p. 4). The plaintiff's claims of delayed, denied, or inadequate medical care are thus insufficient to establish that a constitutional violation occurred. Accordingly, this court finds that the plaintiff's claim for inadequate medical care should be dismissed.

---

[2]See also *Mendoza v. Lynaugh*, 989 F.2d. 191, 195 (5th Cir. 1993); *Citrano v. Allen Correctional Center,* 891 F.Supp. 312 (W.D. La. 1995) (Delay in medical care to a prisoner can constitute a violation of the Eighth Amendment only if there is deliberate indifference which results in substantial harm).

*Conclusion*

Therefore, since the plaintiff's civil rights complaint is frivolous and fails to state a claim, **IT IS RECOMMENDED** that said complaint be **DISMISSED WITH PREJUDICE** in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of August, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE